**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3698-20

FRANKEL AND RUBINSON,

    Plaintiff-Appellant,

v.

RAYMOND ZOLA, individually
and trading as ROCK
FOUNDATION, LLC,

    Defendant-Respondent.

_____

Argued June 9, 2022 – Decided June 24, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3742-20.

Michael J. Ward, IV, argued the cause for appellant.

Jo-Leo W. Carney-Waterton argued the cause for respondent.

PER CURIAM

Plaintiff Frankel and Rubinson appeals from a July 9, 2021 order dismissing its claim for fraud and denying its request for prejudgment interest. We affirm in part and reverse and remand in part.

We discern the following facts from the record. On May 6, 2009, plaintiff, a general partnership, entered into a commercial lease agreement with defendant Raymond Zola and Rock Foundation LLC[1]. The lease agreement included the following statement: "I, Raymond M. Zola, do hereby personally guarantee the performance by[], Rock Foundation, LLC[,] a Limited Liability New Jersey Corporation of all its obligations, duties[,] and covenants, without limitation,[]under the aforesaid Building Lease Agreement." Defendant signed the lease agreement twice, once as the tenant acknowledging the terms of the lease and once as himself acknowledging the personal guarantee. After defendant signed the lease, he began to operate his automobile lubrication business, Cornerstone Quick Lube, in the leased building.

Over the years, defendant experienced problems with his ability to pay rent as exhibited by his bank returning several checks to plaintiff due to insufficient funds. On June 13, 2014, plaintiff notified defendant that he was in default of the lease agreement and owed $16,745.65.

[1] The record also refers to the LLC as Solid Rock Foundation LLC. See e.g.

In 2017, plaintiff heard that defendant was attempting to sell his automobile lubrication business. In or around April 2018, defendant told plaintiff he found a buyer and that he wanted to terminate his lease early. In the interim, his rent arrearages continued to increase.

On May 1, 2018, the parties entered into a termination agreement. In the agreement, "Ray Zola T/A Rock Foundation LLC" agreed to pay $38,177.24. Defendant signed the termination agreement and tendered check number 3961 for $38,177.24. Defendant claimed plaintiff would not sign the termination agreement unless he tendered a signed check. Plaintiff asserted that at the time defendant tendered the check, he asked plaintiff to wait to cash it until he could insure that sufficient funds were available in his bank account. Defendant allegedly told plaintiff there would be sufficient funds after the sale of his business.

During negotiations for the sale of defendant's business, a dispute arose between defendant and the buyer, which resulted in a lawsuit. The matter settled in March 2019, and the buyer paid defendant $34,830. Defendant claimed plaintiff was present for the settlement and heard how much money defendant would receive and when the money would be deposited. Defendant alleged he never told plaintiff that he would notify the partnership when

A-3698-20

sufficient funds would be available, and he eventually paid off other debts owed by Rock Foundation and closed the business.

Plaintiff alleged defendant called plaintiff to inform the partnership that he did not get all the money from the sale of his business, and that even if the money from the settlement was not enough to satisfy the amount owed, he would still have sufficient funds from his insurance settlement to pay the check in full. Plaintiff alleged he never received payment despite patiently waiting for defendant to have sufficient funds, periodically checking in with defendant and his bank, and continually being assured of payment. Defendant denied telling plaintiff he would pay the rent arrearages from the proceeds of an insurance settlement and denied offering to pay the debts of Rock Foundation.

On November 10, 2020, plaintiff filed a complaint alleging breach of contract and fraud. On May 28, 2021, following discovery, plaintiff moved for summary judgment on the issue of defendant's liability in the amount of $38,177.44 plus the loss of interest that accrued subsequent to May 1, 2018. On June 15, 2021, defendant cross-moved for summary judgment, arguing defendant was not personally liable and plaintiff's liability claim was barred by waiver and estoppel.

A-3698-20

On July 9, 2021, the parties appeared before the motion judge. After hearing from the parties, the judge first found defendant's waiver and estoppel arguments to be without merit. The judge reasoned there was no waiver because defendant "did not send a letter, did not send any communication whatsoever in which he could rely upon that there was a waiver or that . . . the money was being foregone." The judge stated that plaintiff did not wait an unreasonable period of time to file the lawsuit, especially given the pandemic. The judge explained the case was "a very straightforward . . . breach of contract claim where one party owes the other party money, and the other party didn't pay." The judge found defendant personally liable because defendant personally signed the termination agreement and did not sign it as a member only. The judge did not see any facts to support a fraud claim.

Accordingly, the judge partially granted plaintiff's motion for summary judgment as to the liability issue in an order and oral decision. The judge found defendant and Rock Foundation LLC jointly and severally liable in the amount of $38,177.24. The judge also dismissed, with prejudice, plaintiff's fraud claim, and she did not award prejudgment interest. Finally, the judge dismissed defendant's cross-motion for summary judgment. This appeal followed.

5

On appeal, plaintiff presents the following argument for our consideration:

POINT I

THE AVAILABLE EVIDENCE BEFORE THE MOTION JUDGE CONFIRMED THAT PLAINTIFF WAS INDUCED TO RELY UPON, AND DID REASONABLY RELY UPON TO PLAINTIFF'S DETRIMENT, THE FALSE AND KNOWINGLY MISLEADING STATEMENTS OF DEFENDANT . . ., AND THEREFORE, THE COURT ERRED BY (1) DISMISSING PLAINTIFF'S CLAIM THAT IT WAS DEFRAUDED BY DEFENDANT . . ., AND (2) NOT AWARDING PLAINTIFF HIS REQUEST FOR PRE[]JUDGMENT INTEREST.

Appellate review of a trial judge's grant or denial of summary judgment is de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a

A-3698-20

matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

"To establish common-law fraud, a plaintiff must prove: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)). "Fraud is not presumed; it must be proven through clear and convincing evidence." Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 395 (App. Div. 1989).

Guided by these principles, we reject plaintiff's argument that the judge erred in dismissing plaintiff's fraud claim because the judge correctly found that plaintiff did not prove the elements of fraud. The parties completed discovery, and plaintiff, by its own admission, presented all the evidence it wanted to present. Based on the record provided, it is clear that plaintiff failed to establish through clear and convincing evidence that defendant made any material misrepresentations with knowledge or belief of its falsity or that plaintiff reasonably relied on defendant's alleged misrepresentations. As the judge pointed out, this is a simple contract matter in which defendant is liable to pay

the rent arrearages the parties contracted for.  Thus, we affirm the judge's dismissal of plaintiff's fraud claim.

The judge, however, erred in declining to award plaintiff prejudgment interest.  We review an award of prejudgment interest and the calculation thereof for abuse of discretion.  Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 390 (2009).  A trial court decision will constitute an abuse of discretion where "the decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Saffos v. Avaya Inc., 419 N.J. Super. 244, 271 (App. Div. 2011).

"[T]he award of prejudgment interest on contract and equitable claims is based on equitable principles."  Cnty. of Essex v. First Union Nat. Bank, 186 N.J. 46, 61 (2006).  "The equitable purpose of awarding prejudgment interest is compensatory, 'to indemnify the claimant for the loss of what the moneys due [to] him would presumably have earned if the payment had not been delayed.'"  Cnty. of Essex v. Waldman, 244 N.J. Super. 647, 667 (App. Div. 1990) (quoting Busik v. Levine, 63 N.J. 351, 358 (1973)).

> In awarding prejudgment interest, "[t]he basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the

A-3698-20

defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled."

[First Union Nat. Bank, 186 N.J. at 61 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 506 (1974)).]

Here, despite properly finding that defendant was liable for the breach of contract claim, the judge denied plaintiff's request for prejudgment interest without making any findings as required by Rule 1:7-4. See also Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990) ("Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion."). Because defendant benefited from money that rightfully belonged to plaintiff, the judge mistakenly exercised her discretion. Therefore, we reverse and remand to the trial court for an award of prejudgment interest to be added to the judgment.

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3698-20